UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| JOHN BRAINARD, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 14-110-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| LIBERTY LIFE ASSURANCE CO. | ) | **MEMORANDUM OPINION** |
| OF BOSTON, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Plaintiff John Brainard's motion to compel Defendant Liberty Life Assurance Company of Boston ("Liberty") to answer the plaintiff's interrogatories. [Record No. 29] Having reviewed Brainard's motion and Liberty's response, the Court will grant a portion of the relief sought. A reply is not needed for this purpose.

**I.   Relevant Facts**

Brainard was covered through his former employer, Community Trust Bancorp, Inc., under a group disability income policy governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* Brainard claims that he became disabled on September 17, 2011. Accordingly, he filed a request for long-term disability ("LTD") benefits with Liberty, Community Trust's policy administrator and provider of

coverage. [Record No. 32, p. 1-2] On July 22, 2013, Liberty terminated Brainard's LTD benefits.[1] [Record No. 1, p. 4]

Brainard filed this action on May 14, 2014, alleging that Liberty improperly denied his claim. He contends that the decision to deny his claim was influenced by a conflict of interest. [Record No. 29-1, p. 4] On September 19, 2014, Brainard served the defendant with interrogatories and requests for production of documents. Liberty responded to this on October 22, 2014. The defendant's responses included a number of objections that the parties have been unable to resolve. As a result, the plaintiff now moves the Court to compel answers to the following interrogatories:

> **Interrogatory No. 1**: State the name of the person answering these Interrogatories on behalf of Defendant, the position held with Defendant, the length of time said person has held such position, and the job duties of said position.
>
> **Interrogatory No. 2:** Identify all other persons with whom you have conferred in answering any of these interrogatories and, for each person so identified, state the position held with Defendant and the job duties of said position.

[Record No. 29-1, p. 1]

Additionally, with respect to Doctors Terry Troutt, Ellen Ballard, Sanjay Chadigiri, and Howard Gratton, the plaintiff moves the Court to compel answers to the following:

> **. . .** state the following information for the five (5) year period preceding the performance of the medical review of Plaintiff's claim for benefits and up through the present:

---

[1] It appears that Brainard was receiving benefits until May 8, 2012, when Liberty initially terminated the payments due to Brainard's temporary improvement. On October 25, 2012, following an appeal, benefits were reinstated with retroactive effect. Brainard's current administrative appeal involves Liberty's most recent termination of benefits on July 22, 2013. [Record No. 1, p. 4]

    a. The number of claims for which Defendant has retained said doctor or any company employing or using said doctor, to perform a review to determine if a claimant is "disabled" or has a "disability."

    b. The number of times said doctor has opined that the claimant is "disabled" or has a "disability."

    c. The number of times said doctor has determined that the claimant is not "disabled" or does not have a "disability."

    d. The amount of money paid by Defendant to said doctor, or any company employing him as a consultant or reviewer, for the performance of medical reviews and/or the issuance of reports concerning said reviews.

[Record No. 29-1, pp. 2-3, Pl.'s Interrogs. 3, 6, 9, and 12]

## II. Discovery Outside the Administrative Record

Generally, an ERISA claimant may not seek discovery regarding matters outside the administrative record. *See Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 618 (6th Cir. 1998) (noting that a district court may not ordinarily consider new evidence). This limitation is based on two governing principles. First, the reviewing court's determination is not whether a claimant is eligible for benefits, but rather whether the administrator's decision was proper, based on the administrative record. *See Perry v. Simplicity Eng'g*, 900 F.2d 963, 966 (6th Cir. 1990) (holding that under either "de novo" or "arbitrary and capricious" standard, court's review is limited to the record). Second, limitations regarding discovery further ERISA's primary goal; that is, the inexpensive and expeditious resolution of disputes. *Id.* at 966-67.

However, when a claimant makes a procedural challenge to an administrator's decision, such as a challenge based on bias, limited discovery may be appropriate. *Johnson v. Conn. Gen. Life Ins. Co.*, 324 F. App'x 459, 466 (6th Cir. 2009) (citation omitted). In such a case, the first rationale is inapplicable, and the Court may look outside the

administrative record to fully consider the circumstances affecting the administrator's alleged conflict. *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 117 (2008). For the same reason, however, discovery must be strictly confined to the procedural challenge. *Johnson*, 324 F. App'x at 466; *Moore v. LaFayette Life Ins. Co.*, 458 F.3d 416, 430 (6th Cir. 2006). Moreover, the second rationale for prohibiting discovery remains applicable. As a result, any discovery must be tailored to facilitate the prompt resolution of the dispute. *See Price v. Hartford Life and Acc. Ins. Co.*, 746 F. Supp. 2d 860, 865-66 (E.D. Mich. Oct. 12, 2010) (courts should account for the "interests of economy, efficiency, accuracy, and fairness" when addressing scope of discovery issues).

In *Glenn*, the Supreme Court held that there is an inherent conflict of interest whenever a plan administrator evaluates and pays benefits on claims. *Glenn*, 554 U.S. at 117. Furthermore, "a reviewing court should consider that conflict as a factor in determining whether the plan administrator has abused its discretion in denying benefits; and . . . the significance of the factor will depend upon the circumstances of the particular case." *Id.* However, the Court discouraged special procedural or evidentiary rules for analyzing a potential conflict of interest. *Id.* ("Neither do we believe it necessary or desirable for courts to create special burden-of-proof rules, or other special procedural or evidentiary rules, focused narrowly upon the evaluator/payor conflict.")

The Sixth Circuit has held that threshold evidentiary showings are not required for discovery in ERISA cases. *Johnson*, 324 F. App'x at 466. Nevertheless, discovery is not available every time the defendant is both the evaluator and payor under a benefits plan. *Id.* Rather, the district court must determine whether discovery is appropriate to further a colorable procedural challenge. *Id.* In *Johnson*, the Sixth Circuit found that the district court

did not abuse its discretion by allowing discovery regarding an alleged conflict of interest where the plaintiff offered more than a mere allegation of bias.  *Id.*  More recently, it held that discovery may be appropriate in determining the weight to give a conflict of interest. *Bell v. Ameritech Sickness & Acc. Disability Ben. Plan*, 399 F. App'x 991, 998 (6th Cir. 2010).  District courts possess discretion to determine whether discovery should be allowed. *Id.*

After *Johnson*, courts have taken several approaches in resolving requests for discovery outside the administrative record.  Some have found that discovery regarding claims of bias is appropriate when the only showing of bias is the allegation of an inherent conflict of interest, as defined in *Glenn*.  *Pemberton v. Reliance Standard Life Ins. Co.*, No. 08-86-JBC, 2009 U.S. Dist. LEXIS 2070, at *2 (E.D. Ky. Jan. 13, 2009); *see also Cramer v. Appalachian Reg'l Healthcare, Inc.*, No. 5:11-49-KKC, 2012 WL 996583, at *2 (E.D. Ky. Mar. 23, 2012); *Busch v. Hartford Life & Accident Ins. Co.*, No. 5:10-111-KKC, 2010 WL 3842367, at *3 (E.D. Ky. Sept. 27, 2010).  Denying discovery until there has been an initial showing of bias "essentially handcuffs the plaintiff, who . . . will rarely have access to any evidence beyond a bare allegation of bias, in the absence of discovery."  *Kinsler v. Lincoln Nat. Life Ins. Co.*, 660 F. Supp. 2d 830, 836 (M.D. Tenn. 2009).  These courts find that the Supreme Court's instruction that "it does not 'believe it is necessary or desirable for courts to create special burden-of-proof rules, or other special procedural or evidentiary rules, focused narrowly upon the evaluator/payor conflict,'" renders the inherent conflict sufficient to allow limited discovery.  *Busch*, 2010 WL 3842367, at *2 (quoting *Glenn*, 554 U.S. at 106).  In short, some courts – including judges within this district – have found discovery permissible due to the inherent dual-role conflict of interest.  *See O'Bryan v. Consol Energy, Inc.*, No.

-5-

08-11, 2009 WL 383401 (E.D. Ky. Feb. 11, 2009) (holding that a plaintiff is required to show that the discovery he seeks would lead to a finding that the denial was arbitrary and capricious by demonstrating that the decision raises questions of fairness, but the inherent conflict of interest alone meets this showing).

Conversely, other courts have required more than a mere showing of an inherent conflict. *Donovan v. Hartford Life & Acc. Ins. Co.*, No. 1:10-2627-PAG, 2011 WL 1344252, at *2 (N.D. Ohio Apr. 8, 2011); *see also Geer v. Hartford Life & Acc. Ins. Co.*, No. 08-12837-DAS, 2009 WL 1620402, at *5 (E.D. Mich. June 9, 2009) ("discovery should be allowed where a plaintiff has provided sufficient initial facts suggesting a likelihood that probative evidence of bias or procedural deprivation would be developed."). These courts have found that an allegation of bias alone is insufficient. Instead, a plaintiff must make a sufficient factual showing to expand discovery beyond the administrative record. Other courts have developed a two-step process under which a plaintiff may obtain discovery on the sole issue of whether the defendant or the individuals participating in the review of the plaintiff's claim have any financial interest in the outcome of the claim. *Clark v. Am. Elec. Power Sys. Long Term Disability Plan*, 871 F. Supp. 2d 655, 662 (W.D. Ky. 2012). Under this approach, if the plaintiff shows some evidence that a conflict exists, he or she will be permitted further discovery. *Id*.

This Court follows its earlier precedent, holding that the presence of a conflict of interest, on its own, is sufficient to permit a court to allow discovery beyond the administrative record. *See Pemberton*, 2009 U.S. Dist. LEXIS 2070, at *5. By showing that a conflict of interest is present as a matter of law, the plaintiff has provided more than "a mere allegation of bias." Because the defendant's conflict of interest is a factor that the

Court must consider when deciding whether the defendant abused its discretion in denying the plaintiff's claim and because the significance of that factor depends on the particular circumstances in the case, limited discovery regarding the conflict of interest is appropriate. Without such discovery, plaintiffs would be severely hindered in their ability to obtain evidence to show the significance of the conflict of interest.

Brainard seeks to discover information regarding a potential conflict of interest involving the review of his claim for benefits. He believes discovery may reveal that the denial of his claim was based on a financial incentive by the defendant or bias by the claim reviewers. The plaintiff may obtain limited information that will enable the Court to evaluate whether the conflict of interest resulted in an abuse of discretion.

### III. Scope of Discovery

While the plaintiff may request discovery, the scope of that discovery must be limited to the conflict of interest and any allegations of bias. District courts must determine whether a conflict of interest affected a benefits decision. *Glenn*, 554. U.S. at 117. Factors pertinent to this inquiry include whether: (i) there is a history of biased claim denials; (ii) the employer has taken steps to reduce potential bias and promote accuracy; and (iii) company policies formally or informally encourage claim denials. *Kasko v. Aetna Life Ins. Co.*, No. 5: 13-243-DCR, 2014 U.S. Dist. LEXIS 98366, at *10 (E.D. Ky. July 21, 2014).

Through Interrogatory Nos. 3, 6, 9, and 12, Brainard seeks to determine the number of times during the last five years each reviewing doctor advised Liberty, the results of each doctor's previous reviews, and the compensation paid by Liberty to the claim reviewers. These interrogatories closely mirror discovery requests that have been found permissible in this district. *See Kasko,* 2014 U.S. Dist. LEXIS 98366, at *12-14; *Pemberton,* 2009 U.S.

-7-

Dist. LEXIS 2070, at *8.  The Court will allow limited discovery to reveal the relationship between Liberty and any reviewer who was involved in the plaintiff's claim.  *See Pemberton*, 2009 U.S. Dist. LEXIS 2070, at *8.  Thus, Brainard is permitted to discover the financial payments made annually to the claim reviewers from Liberty, the statistical data about the number of claims sent to the reviewers, and the resulting number of denials and findings of "not disabled."

The defendant argues that it would be unduly burdensome for it to collect the requested statistical data.  [Record No. 32, p. 15]  While a "primary goal of ERISA was to provide a method for workers and beneficiaries to resolve disputes over benefits inexpensively and expeditiously," *Perry*, 900 F.2d at 967, "ERISA was [also] enacted to promote the interests of employees and their beneficiaries in employment benefit plans and to protect their contractually defined benefits."  *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 109 (1989) (internal quotations omitted).  Thus, the Court must balance the two competing purposes of ERISA.  In the present case, the plaintiff's request for statistical data has been sufficiently narrowed to include only those reviewers who were involved in his claim.  Moreover, the request is limited to the last five years.  [Record No. 29-1, p. 2] Therefore, the request is not unduly burdensome.

However, the Court will deny the portion of Brainard's motion that is unrelated to this issue.  Liberty is not required to respond to requests outside the scope set forth above, including Interrogatories 1 and 2, as these requests are unlikely to lead to evidence of any claim of bias or conflict of interest.  *See Raney v. Life Ins. Co. of N. Am.*, No. 08-169-JMH, 2009 U.S. Dist. LEXIS 34098, at *9 (E.D. Ky. Apr. 20, 2009).

### IV.  Conclusion

Plaintiff Brainard is entitled to discovery within the parameters outlined above. The permitted discovery will enable the plaintiff to obtain enough information to evaluate the extent of the alleged conflict of interest without being unduly burdensome to the defendant. Accordingly, it is hereby

**ORDERED** that the plaintiff's motion to compel discovery [Record No. 29] is **GRANTED**, in part, limited to requests pertaining to the defendant's conflict of interest and alleged bias as described above, but **DENIED** as to the remainder of the interrogatories.

This 30th day of December, 2014.

Signed By:
*Danny C. Reeves* DCR
United States District Judge